IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER L. TIBBS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-6-SPB-RAL |
| ) | |
| **FCI McKEAN,** ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

**United States District Judge Susan Paradise Baxter**

### I.  Background

The Petitioner in this case, Christopher L. Tibbs ("Tibbs"), is a federal inmate currently housed at FCI-McKean. On November 15, 2021, this Court entered a Memorandum Order denying his petition for a writ of habeas corpus under 28 U.S.C. §2241. ECF No. 15.

In his petition, Tibbs challenged his loss of good time credit, which resulted from an incident in which he was found to have been in possession of a Schedule I controlled substance. Tibbs claimed in his petition that he was denied due process in numerous ways, *i.e.*: (1) his Discipline Hearing Officer ("DHO") was not an impartial decision maker; (2) the DHO refused to preserve or review the video footage of the incident; (3) FCI McKean staff did not follow BOP policy with respect to chain of custody; and (4) the Unit Discipline Committee did not hold Petitioner's initial hearing within five days of the violation, in contravention of FCI McKean's program statement. ECF No. 5.

On October 22, 2021, U.S. Magistrate Judge Richard A. Lanzillo issued a Report and Recommendation concluding that Tibbs' §2241 claims should be denied. ECF No. 14. Judge

1

Lanzillo opined that: Tibbs had failed to present any evidence of bias on the part of the DHO; Tibbs' claim that video evidence was not available and/or had not been considered by the DHO was belied by the record; there was evidence in the record to support the DHO's determination that Tibbs had committed the offense in question; Tibbs failed to demonstrate that prison staff violated internal prison policies; and, in any event, Tibbs had received all of the process to which he was entitled under *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

Tibbs declined to file objections to the Report and Recommendation and, after *de novo* review of the petition and documents in the case, along with the Report and Recommendation, the undersigned adopted the R&R as its opinion, denied Tibbs' petition, and ordered that the case be closed.

The instant motion for reconsideration followed.

**II.     Discussion**

"The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration; instead, such motions are treated as motions under Rules 59(e) or 60(b), depending on the relief requested and the filing date." *Washington v. Gilmore*, 852 F. App'x 639, 641 n.2 (3d Cir. 2021) (citing *Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013)).  Under Rule 59(e), a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  Grounds for relief include the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered its judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *See United States ex rel. Schumann v. AstraZeneca Pharm. L.P.,* 769 F.3d 837, 848-49 (3d Cir. 2014).

2

Under Rule 60, the court may relieve a party from a final judgment or order based on the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this case, Tibbs invokes Rule 59(e), arguing that the Court committed clear error in denying his petition for a writ of habeas corpus which, if not corrected, will result in manifest injustice. Although Tibbs raises five points in his motion, the Court's alleged errors boil down to the following:

1. failing to consider that the Unit Discipline Committee Chairwoman, "Mrs. E. Whitmore," altered the underlying Incident Report that charged Tibbs with possession of a narcotic;

2. failing to acknowledge that Mrs. Whitmore's actions violated certain policies of the Bureau of Prisons;

3. failing to acknowledge that Mrs. Whitmore acted as an investigator and displayed bias against Tibbs; and

4. failing to acknowledge the differing dates set forth in Boxes 13 and 15 in the Incident Report.

3

These arguments are predicated on a minor discrepancy between the version of the Incident Report that was initially served on Tibbs and the version that was later signed by members of the Unit Discipline Committee ("UDC") upon their disposition of the matter. Tibbs's initial version of the Incident Report reads as follows:

> On 05/02/2017 at approximately 12:05 pm, Officer M. Shaffer conducted a search of the gym [sic] inmate Tibbs, Christopher #49899-039 had in his possession. He found (2) pre-marked sheets of paper 5 inch x 2 inch coated in an unknown substance during the search. The item was sent to SIS, processed as evidence, and sent to the Pennsylvania State Police Laboratory for drug identification. On September 1, 2017 at 08:10 am, I received the lab results on the item in question, and it tested positive for the synthetic cannabinoid MMB-FUBINACA an indole carboxamide (Schedule I).

ECF No. 16-1. In the version signed by the UDC, the word "bag" is inserted next to the word "gym" to indicate that "Shaffer conducted a search of the gymbag inmate Tibbs . . . had in his possession." ECF No. 16-2. According to Tibbs, Mrs. Whitmore violated prison policy (and displayed bias) by acting as an "investigator" when she contacted the reporting staff member to verify that he meant to write "gymbag." Tibbs claims that prison policy required Mrs. Whitmore to send the Incident Report back to the reporting staff member for a "re-write" rather than "altering" it herself. Tibbs further avers that Mrs. Whitmore sent this "altered" report to the Acting Discipline Hearing Officer, whom she allegedly "outranks." ECF No. 16 at 2.

Tibbs's arguments do not demonstrate any clear error on the part of this Court in adopting the Report and Recommendation and denying his petition for a writ of habeas corpus. The actions of Mrs. Whitmore, as described by Tibbs, do not demonstrate bias or constitute an impermissible investigatory role, as Mrs. Whitmore did nothing more than correct an obvious typographical error in the underlying Incident Report. To the extent Tibbs suggests he was somehow precluded from preparing a proper defense because of the allegedly "altered" report, his argument is specious. Even as originally written, the Incident Report gave Tibbs clear notice

4

concerning the nature of the charge against him, and the documentation shows that he was also given the requisite 24-hour notice in advance of the UDC proceeding. To the extent any technical violation of prison policy occurred, Tibbs has produced no evidence to show that he was denied any of the due process rights to which he was entitled under *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Moreover, and as previously discussed by the Magistrate Judge, there was clearly "some evidence" to support the disciplinary charge against Tibbs. Accordingly, Tibbs's due process rights were not violated by any actions of the Unit Discipline Committee or by the Disciplinary Hearing Officer's decision. *See* ECF No. 14 at 6 (R&R); ECF No. 15 (Order adopting R&R).

Tibbs also predicates his motion on a discrepancy in the dates that appear in two places on the Incident Report: Box 13 and Box 15. It is not clear to the Court what Tibbs believes is significant about this discrepancy. Box 13 refers to the date of the underlying incident – i.e., "09/01/2017," which is the date on which the reporting staff member received the lab results and thus became aware that Tibbs had been in possession of Schedule I controlled substance. Box 15 refers to the date on which the Incident Report was delivered to Tibbs – i.e., "11/6/17." There is no inconsistency regarding these dates as between the versions of the Incident Report that was originally served on Tibbs and the version that contains the UDC's disposition and signatures. And, as explained above, Tibbs was plainly given the requisite 24-hour notice prior to the UDC's proceeding on November 8, 2017.

In sum, Tibbs has failed to point to any aspect of the Court's November 15, 2021 ruling that involves clear error or manifest injustice.

### III. Conclusion

Based upon the foregoing reasons, Tibbs's motion for reconsideration of the Court's November 15, 2021 Order will be denied.

An appropriate order follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm:   Christopher L. Tibbs
      49899-039
      McKean Federal Correctional Institution
      Inmate Mail/Parcels
      P.O. Box 8000
      Bradford, PA 16701
      (Via U.S Mail)

      Jacqueline Brown, Esq.
      (via CM/ECF)

      The Honorable Richard A. Lanzillo
      (via CM/ECF)